838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louie WOODSON, Defendant-Appellant.
 No. 87-5087.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 4, 1987.
Decided: Jan. 19, 1988.
 
 Edward Francis Connors, III, for appellant.
 Barry McCoy Tapp, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Woodson appeals his convictions stemming from a stabbing at a reformatory in Lorton, Virginia. He argues that district court erred in its instruction defining "serious bodily injury," and in failing to arrange the format of the jury verdict form so that the lesser included offenses appear in descending order. Because we find no error, we uphold the jury's verdict.
 
 I.
 
 2
 The appellant, Louie Woodson, is an inmate at Lorton Federal Reformatory, Lorton, Virginia. On October 21, 1986, he stabbed Randy Hucks repeatedly in the chest area, the left arm and in the right thigh. He was indicted for willfully and knowingly assaulting Hucks with intent to commit murder, in violation of 18 U.S.C. Sec. 113(a). Section 113 reads in full:
 
 
 3
 Whoever, within the specific maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
 
 
 4
 (a) Assault with intent to commit murder, by imprisonment for not more than twenty years.
 
 
 5
 (b) Assault with intent to commit any felony, except murder or a felony under chapter 109A, by fine of not more than $3,000 or imprisonment for not more than ten years, or both.
 
 
 6
 (c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.
 
 
 7
 (d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.
 
 
 8
 (e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months or both.
 
 
 9
 (f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.
 
 
 10
 Woodson was also indicted for possession of a sharp instrument in violation of 18 U.S.C. Sec. 13, assimilating Sec. 53.1-203(4) Code of Virginia, 1950, as amended. After the presentation of the evidence, the trial court instructed the jury on the offenses charged and lesser included offenses for count one. The lesser included offenses were simply sections 113(c), (f), and (d). To define serious bodily injury in section 113(f), the court turned to a Ninth Circuit opinion. United States v. B. Johnson, 637 F.2d 1224, 1246 (9th Cir.1980). Based on Johnson, the court instructed the jury as follows:
 
 
 11
 The court instructs the jury that the definition of serious bodily injury is primarily injury dependent upon evaluation of all circumstances of injury or injuries. The jury should use its common sense in deciding whether the injuries constitute serious bodily harm. Among the factors the jury should consider are whether the victim suffered extreme physical pain, protracted and obvious disfigurement, protracted loss or impairment of the function of a bodily member, organ or mental faculty, and significant or substantial internal damage.
 
 
 12
 A substantial risk of death is a factor to be considered, but it need not be present to find serious bodily injury. The presence or absence of any of these factors is not to be determinative, since the jury must use its own judgment to assess the severity of the injuries.
 
 
 13
 The jury found Woodson guilty of a lesser included offense in the first count--assault resulting in serious bodily injury (18 U.S.C. Sec. 113(f)), and wrongful possession of a sharp instrument. Woodson appeals to this court arguing that the instruction taken from B. Johnson was error, and that the jury verdict from was improperly constructed. Because neither of these arguments has merit, we affirm the convictions below.
 
 II.
 
 14
 The wording of a jury instruction is within the sound discretion of the trial court. Government of the Virgin Islands v. Rivera, 439 F.2d 1127 (3rd Cir.1981) and United States v. T. Johnson, 337 F.2d 180, 204 (4th Cir.1964). Woodson argues that the trial court should have instructed the jury as to the definition of "serious bodily injury" found in the Controlled Substance Act of 1987, amending 21 U.S.C. Sec. 802(25). The proffered instruction reads: "The term 'serious bodily injury' means bodily injury which involves:
 
 
 15
 (a) a substantial risk of death;
 
 
 16
 (b) protracted and obvious disfigurement; or
 
 
 17
 (c) protracted loss or impairment of the function of a bodily member, organ, or mental faculty."
 
 
 18
 The first sentence of section 802 limits the application of the definitions contained therein to offenses within "this subchapter." Accordingly, Woodson's argument that the definition should extend to jury charges made under Title 18 prosecutions is without merit. Congress expressly denied any such cross application.
 
 
 19
 Even if we believe that the definition contained in section 802 can be applied here, the trial court made no error in its instructions. Woodson suggests that the court's phrases "significant or substantial internal damage" and "extensive physical pain," which are not contained in the statutory formulation, so influenced the jury as to mandate reversal of his conviction. The argument fails for several reasons: First, the court's instruction is substantially the same as that suggested by Woodson; no more is required. United States v. Dyman, 739 F.2d 762, 772 (2d Cir.1984), and T. Johnson, 337 F.2d at 204. Second, the argument that the phrases contaminated the jury's deliberations is wholly speculative. If there was any effect at all, it may have favored, rather than hindered, Woodson. The court's terminology seems to put a burden on the government, to show extreme pain or significant internal damage, which does not exist in the statutory charge. Without these instructions, the government might have more easily established its case in the minds of the jurors. The trial court was well within its discretion in charging the jury as it did.
 
 
 20
 The verdict form sent with the jury to the juryroom is reproduced in the margin.[1] An examination of the form indicates that, as to count 1, there are four possible offenses for which Woodson might have been found guilty. The first restates 18 U.S.C. section 113(a); the second, section 113(c); the third, section 113(f); and the fourth, section 113(d). Only the principal offense was charged in the second count. Woodson argues that the trial court erred by failing to arrange the lesser included offenses of count one in descending order of severity. He argues that section 113(c) is a lesser included offense of section 113(f), so subsection (f) should have preceded subsection (c) on the jury form. Woodson argues that this arrangement of the lesser included offenses, combined with the court's instruction that, should the jury find him not guilty of the charged offense, it must "proceed to determine the guilt or innocence of the accused as to any lesser offense" (Jt. App. 12) in essence directed a verdict of guilt. The mere statement of the issue shows its falsity.
 
 
 21
 The judge's instructions to the jury[2] do not compel the jury to consider the three lesser included offenses in any particular order. The court told the jury to consider each of the lesser included offenses separately. The court did not tell the jury that one lesser included offense is included within another, nor did the verdict form so indicate. Considering the court's instructions as a whole, in combination with the jury verdict form, we think the verdict form here was not suggestive of any verdict or the order in which the jury should vote on the lesser included charge, albeit the better practice would have been to instruct the jury to consider the charges in order of their severity. The decision below is affirmed.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 The jury verdict form read as follows:
 NOT GUILTY GUILTY
____________ ________- As to Count 1, assault with the intent to commit
 ____ murder.
____________ ________- As to the lesser offense of Count 1, assault with a
 ____ dangerous weapon with the intent to do bodily harm.
____________ ________- As to the lesser offense of Count 1, assault resulting
 ____ in serious bodily injury.
____________ ________- As to the lesser offense of Count 1, assault by
 ____ striking, beating or wounding.
____________ ________- As to Count 2, possession of sharp instrument capable
 ____ of causing death or bodily injury.
 
 
 [2]
 The court charged the jury as follows:
 The court has prepared a form of verdict as follows: United States of America v. Louie Woodson; we the jury in the above-entitled and numbered case, and it has a not guilty and guilty box as to each of these counts:
 As to Count I, assault with intent to commit murder. As to the lesser offense of Count I, assault with a dangerous weapon with the intent to do bodily harm. As to the lesser offense of Count I, assault resulting in serious bodily injury. As to the lesser offense of Count I, assault by striking, beating or wounding.
 As I have indicated to you, you have a guilty or not guilty place to check for that. Obviously you consider the first count first and of course if you find him guilty of Count I, then you would not have to consider the lesser included ones. If you find him not guilty under Count I, then you have to consider each of these lesser included ones separately as to whether he is guilty or not guilty of those. As to Count II, possession of a sharp instrument capable of causing death or bodily harm.
 You should take this form to your jury room and when you have reached unanimous agreement have your foreperson fill in, date and sign the verdict that represents your unanimous view, and advise the marshal when you have done so.
 Nothing in the form of verdict prepared for your convenience is to suggest or convey to you in any way or manner or intimation as to what verdict I think you should find. What the verdict is, is the sole and exclusive responsibility of the jury. (emphasis added).